## MARSH v. PIKE and others.

Where one borrowed a sum of money upon bond and mortgage, and subsequently sold the premises included in the mortgage to another who took them subject to the mortgage, and assumed its payment; and the latter sold them to a third person, in like manner subject to, and on an assumption of the mortgage executed by the first:

Held, that the mortgagor is not by these transfers made a surety to the mortgagee without his assent, but as to such purchasers the mortgagor is to be regarded as their surety.

And as such surety, after the debt has become due, the mortgagor may come into this court and compel the purchasers as the principal debtors, to pay the debt.

As the mortgagee could in equity recover any deficiency in his mortgage money from either of the subsequent purchasers; the mortgagor on paying up the mortgage, would be entitled to enforce it in his own name against those purchasers.

Whether a surety for a debt which is secured by a mortgage of lands of the principal, can compel the creditor to foreclose his mortgage when due, before calling upon the surety? Quere.

Nov. 10; Dec. 2, 1843.

Marsh *v.* Pike and others.

THE bill in this cause was filed by Marsh against Noah T. Pike, Cornelius M'Lean and Jeremiah Towle, to compel Pike to collect a mortgage, or to release the complainant from liability upon the debt. On the 18th of January, 1839, Pike lent Marsh $3000 on the house and lot No. 29 Fourth street in the city of New-York, upon bond and mortgage, payable in three years, with interest half-yearly. On the 30th of April, 1841, Marsh sold the premises for $6000 to M'Lean, subject to the mortgage, (the payment of which M'Lean assumed by the deed,) and he paid to Marsh $3000. On the 12th of August, 1841, M'Lean conveyed the premises to Towle, subject to the mortgage, which Towle assumed in like manner. Towle is in possession and in the receipt of the rents, and has been so since the conveyance to him. Marsh after the debt became due, applied to M'Lean and Towle to pay off the bond and mortgage, and to Pike to permit a foreclosure in his name at Marsh's expense. M'Lean denied the application to him. Pike had been informed of the purchases of the premises by M'Lean and Towle, but refused to permit Marsh to use his name to foreclose the mortgage as requested. The bill charged that the premises had greatly depreciated, which was denied; but the proof sustained the charge. The present value was shown to be about $3200, and the annual rent $400. The answers to the bill alleged that it contained no equity, and prayed the same benefit of that defence as if the defendants had demurred.

*J. Holmes,* for the complainant.

*W. B. Aitken,* for Pike, the mortgagee.

*N. D. Ellingwood,* for J. Towle.

*N. B. Blunt,* for C. M'Lean.

THE ASSISTANT VICE-CHANCELLOR.—The complainant executed the bond and mortgage in question for money borrowed by him of the defendant, Pike. He was the principal and the sole debtor to Pike, and the latter has done no act to alter or affect

that relationship. ; Whatever may be the case between the complainant and the other defendants, I do not perceive how the complainant can become a surety to Pike, without his assent and concurrence.(a)

It is unnecessary for me to determine therefore, whether a surety under the circumstances of this case, can compel the creditor by a bill in equity to proceed against the mortgaged premises, before calling upon the surety. That appears to be an open question both in England and in this state. (See 1 Story's Com. on Equity, 322, § 327 ; 2 ibid. 144, § 849, and the cases in note 1.) In the cases where such a jurisdiction has been asserted, the surety was required to deposit the money in court for the payment of the creditor ; a proceeding which would not have met the views of the complainant here. It would be as easy for him to pay his debt to Pike, as to raise the money and deposit it ; and on paying the amount to Pike, he would be entitled to enforce the lien of the mortgage in his own name, against the other defendants. *Jumel* v. *Jumel*, (7 Paige's R. 591.)

The case of *Antrobus* v. *Davidson*, (3 Merivale's R. 569,) cited by the complainant, is adverse to his claim to be regarded as a surety in reference to Pike. And as to that defendant, the bill cannot be maintained.

There is no doubt but that as between the complainant and the other two defendants, he is to be regarded as their surety. Not only were the mortgaged premises made the primary fund for the payment of the debt upon his conveyance to M'Lean, but the latter assumed the payment of the debt as a personal obligation. The same thing occurred when M'Lean conveyed to Towle. Towle is the principal debtor in reference to M'Lean, and both stand in the relation of principals to the complainant. *Jumel* v. *Jumel*, above cited, is an abundant authority, and many others might be referred to.

It is well settled that a surety, after the debt has become due, may come into this court and compel the principal to pay the

(a) See *Hollier* v. *Eyre*, (9 Clark & Fin. 45, 51.)

debt. The equity of this principle is so manifest, that it requires no elucidation, and for the authorities in support of it, see 1 Story's Eq. 327 ; 2 ibid. 35, § 730, and 144, § 849 ; *Warner* v. *Beardsley,* 8 Wend. 194—*per Chancellor.*(*a*)

Although the bill in this case sought for specific relief against Pike principally, yet the prayer is sufficient to warrant a decree against the other parties, on this principle of equity, and the facts fully justify such a decree.

It was contended that there was no privity of contract between the complainant and Towle, and that he had no legal or equitable claim against Towle.

The cases of *Halsey* v. *Reed,* and *Curtis* v. *Tyler and Allen,* (9 Paige's R. 446. 432,) show that Pike is entitled in this court, to recover any deficiency in his mortgage money, from Towle, as well as from M'Lean. And the complainant standing in the place of a surety as it respects M'Lean and Towle, is entitled, upon paying the mortgage to Pike, to be subrogated to all his remedies for the recovery of the amount. (*Eddy* v. *Traver,* (6 Paige's R. 581.) I think, therefore, that Towle comes within the doctrine upon which this court requires the principal debtor to discharge the obligation for the indemnity of the surety. He is the party who must ultimately pay the deficiency, if the premises are insufficient to pay the debt.

There must be a decree against M'Lean and Towle for the amount due on the mortgage to Pike, and the costs of suit. The amout due is to be ascertained by a reference, and to be paid to Pike for the complainant's indemnity. If McLean is compelled to pay any part of the debt, he will be entitled to the benefit of the decree against Towle.

The bill must be dismissed as to the defendant Pike, with costs.(*b*)

---

(*a*) Ruled to the same effect in *Call* v. *Scott,* (4 Call's R. 202 ;) *Newton* v. *Roberts,* (4 Monro, 492.)

(*b*) This decree was appealed from by Towle, and the decree affirmed by the chancellor, (10 Paige's R. 595.)